Latham Exploration Company, Inc.
in Bankruptcy by William C. Sandoz,
Trustee
by:

James W. ROBERTSON,
Plaintiff-Appellant,

v.

ALEXANDER GRANT & COMPANY,
etc., et al., Defendants-Appellees.

No. 85–1542.

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1986.
Rehearing and Rehearing En Banc
Denied Sept. 30, 1986.

William D. Harris, Jr., Richards, Harris, Medlock & Andrews, Daniel V. Thompson, Dallas, Tex., for plaintiff-appellant.

G.R. Poehner, Morre & Peterson, William W. LePage, Dallas, Tex., for defendants-appellees.

Before GARWOOD and ROBERT MADDEN HILL, Circuit Judges, and MARTIN L.C. FELDMAN *, District Judge.

ROBERT MADDEN HILL, Circuit Judge:

We hold today that the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, is inapplicable to retirement plans covering only partners and, accordingly, affirm the district court's grant of summary judgment in favor of the defendants.

* District Judge of the Eastern District of Louisi-     ana, sitting by designation.

## I.

After the plaintiff James Robertson worked for the defendant Alexander Grant & Company (Grant), a national accounting partnership, for six years, Grant admitted Robertson to the partnership in 1965. In the late 1970s a rift developed between Robertson, the department head of the tax section of Grant's Dallas office, and Larry Jobe, the managing partner of the Dallas office. Jobe thought that Robertson failed to aggressively seek new clients and to develop the tax section's practice; consequently, Jobe urged Robertson to step aside as department head while remaining as a partner of the firm. Robertson declined to step aside and apparently contacted the firm's national management about the matter. The national managing partner, Robert Kleckner, backed Jobe, and on January 23, 1979, Robertson ceased working at the firm. Robertson claims that he was "forced out" of the firm; the defendants maintain that Robertson voluntarily withdrew from the firm.

Several months after leaving the firm, Robertson wrote to Kleckner, requesting that the firm pay him his retirement benefits. The firm refused to pay Robertson any retirement benefits, asserting that, pursuant to the Grant partnership agreement, a partner who unilaterally withdraws from the firm is not entitled to retirement benefits. Robertson then sued Grant, Kleckner, and Jobe, and alleged that their actions violated ERISA; Robertson stated a state law breach of contract action as well. The defendants responded and maintained that ERISA did not cover a retirement plan that applied only to partners and that, even if ERISA did apply to partnership retirement plans, two exceptions in ERISA excepted the Grant plan from coverage.

The district court granted summary judgment in the defendants' favor on the ERISA claim and dismissed the state law claim without prejudice. The court specifically held that ERISA did not apply to retirement plans covering only partners and that both exceptions urged by the defendants, the "section 736 exception"[1] and the "select group exception,"[2] also applied. Robertson appeals.

## II.

On appeal, Robertson, as he must, challenges all three of the grounds relied on by the district court in granting the defendants' motion for summary judgment.[3] We however need only approve one of the grounds in order to affirm the district court's judgment. We find the judgment correct based on the first ground relied on by the district court; therefore, we do not address the second and third grounds given by the district court.

The first ground that the district court relied on in granting summary judgment was that ERISA does not apply to the Grant retirement plan because ERISA does not cover plans applicable only to partners and because the Grant plan covers only partners. In reaching its conclusion the court relied on the following regulations promulgated by the Secretary of Labor:

Plans without employees. For purposes of Title I of the Act and this chapter, the term "employee benefit plan" shall not include any plan, fund or program, other than an apprenticeship or other training program, under which no

---

1. The section 736 exception is a shorthand reference to section 736 of the Internal Revenue Code, 26 U.S.C. § 736. Three sections of ERISA, sections 1021, 1051, and 1101, incorporate the description contained in section 736 to exempt certain payments to partners.

2. The select group exception is a shorthand reference to the portion of section 1051 providing an exemption from ERISA's participation and vesting requirements to a plan "which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees."

3. Robertson also claims that the district court erred in not granting his motion for partial summary judgment. Robertson moved for summary judgment on the issue of whether the Grant retirement plan covered both partners and non-partners. Our disposition of Robertson's primary contentions on appeal also disposes of this issue.

employees are participants covered under the plan, as defined in paragraph (d) of this section. *For example, a so-called "Keogh" or "H.R. 10" plan under which only partners or only a sole proprietor are participants covered under the plan will not be covered under Title I.* However, a Keogh plan under which one or more common law employees, in addition to the self-employed individuals, are participants covered under the plan, will be covered under Title I.

29 C.F.R. § 2510.3–3(b) (1985) (emphasis added).

A partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

29 C.F.R. § 2510.3–3(c)(2) (1985). The district court was forced to turn to the Code of Federal Regulations for an answer to the question of whether ERISA applies to a plan covering only partners because the statute itself fails to provide an answer. The statute simply provides that it applies to "any employee benefit plan," 29 U.S.C. § 1003(a), and then provides the following circular definition of an employee: "The term 'employee' means any individual employed by an employer." 29 U.S.C. § 1002(b). Relying on the Secretary of Labor's pronouncements that ERISA does not apply to plans covering only partners and that partners are not employees, the district court held ERISA inapplicable to the Grant plan.

Robertson attacks the district court's ruling on two grounds. First, Robertson argues that the district court's reliance on the regulations is misplaced because the regulations conflict with the statute's legislative history and with the structure of the statute. Second, Robertson argues that the plan covered employees other than partners and that ERISA therefore applies.

### A.

ERISA authorizes the Secretary of Labor to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions" of the statute. 29 U.S.C. § 1135. Pursuant to this authorization the Secretary prescribed regulations eliminating plans covering only partners from the scope of ERISA. The regulations prescribed by the Secretary are "entitled to considerable deference, and we will uphold any interpretation that is reasonably defensible." *Sure-Tan, Inc. v. National Labor Relations Board,* 467 U.S. 883, 891, 104 S.Ct. 2803, 2809, 81 L.Ed.2d 732, 742 (1984). If a regulation is "not inconsistent" with the legislative history, we will sustain it. *Lawrence County v. Lead-Deadwood School District No. 40–1,* 469 U.S. 256, 262, 105 S.Ct. 695, 699, 83 L.Ed.2d 635, 641 (1985).

Robertson maintains that the regulations excluding partnership plans from ERISA coverage are inconsistent with the statute's legislative history. We disagree. One of the purposes of ERISA was to correct the abuses occurring in the management of pension plans that constitute the retirement benefits held in trust for workers in traditional employer-employee relationships. *See* S.Rep. No. 127, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4838, 4838–44; H.R.Rep. No. 533, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4639–43. Employees in the traditional employer-employee relationship are more vulnerable than partners in a partnership are to abuses because workers typically lack control over pension plan management and input into the decision whether to extend pension benefits to certain employees. *Cf. Schwartz v. Gordon,* 761 F.2d 864, 868 (2d Cir.1985). On the other hand, a partner has more control and input than does an employee since a partner has a vote in partnership affairs. Furthermore, a partnership contains a self-policing feature largely absent in the typical employer-employee relationship.

In the partnership situation the partners have an incentive not to agree to provisions that may harm certain members of the partnership because each partner knows that he could end up being the partner who is harmed. For example, while partners may want to discourage each other from

withdrawing from the partnership, each partner has an incentive not to make the withdrawal provision too harsh since someday he might want to withdraw. On the other hand, the self-policing function is less strong in the typical employer-employee relationship. The employer wants to earn profits for himself or for the shareholders and has less incentive to treat the employees as fairly as a partner would treat his partners. Because of the difference between the partnership situation and the typical employer-employee relationship Congress easily may have intended only to regulate the latter relationship. Thus, we cannot say that the Secretary's regulations are inconsistent with the legislative history of ERISA. Additionally, Congress has twice amended ERISA's definitions sections since the statute's enactment, and in neither instance has Congress altered the definitions of employee or employee benefit plan, thereby adding weight to the Secretary's interpretation of the terms. *See Board of Governors v. First Lincolnwood Corp.*, 439 U.S. 234, 248, 99 S.Ct. 505, 513, 58 L.Ed.2d 484, 495 (1978). Accordingly, we hold that ERISA is inapplicable to retirement plans covering only partners.

Robertson further maintains that the structure of ERISA indicates that Congress intended to make ERISA applicable to plans covering only partners. He points out that three of the regulatory provisions of the act, the sections on participation and vesting, funding, and fiduciary responsibility, 29 U.S.C. §§ 1051, 1081, and 1101, contain exemptions for "an agreement providing payments to a retired partner," while the section on reporting and disclosure, 29 U.S.C. § 1021, does not contain such an exemption. According to Robertson's view of the statute's structure, Congress would not have provided exemptions from only a portion of ERISA's regulatory provisions had Congress not intended for ERISA to cover partnership plans. The Secretary of course, has, through his regulations, indicated a different interpretation of the statute.

We defer to the Secretary's view of the statute unless the "structure of the statute clearly reveal[s] a contrary intent on the part of Congress." *Chemical Manufacturers Association v. Natural Resources Defense Council, Inc.*, 470 U.S. 116, 126, 105 S.Ct. 1102, 1108, 84 L.Ed.2d 90, 99 (1985). We find no such contrary intent indicated by the structure of the statute. The Secretary easily could have decided that Congress intended to exempt payments to partners from plans covering both employees and partners. Under such a construction of the statute, an exemption from the reporting and disclosure section is unnecessary because a joint plan would have to be registered due to the participation of non-partners in the plan, and Congress did not need to provide an exemption from that section for payments to partners. Since the structure of the statute does not clearly reveal an intent contrary to the Secretary's view, we defer to his interpretation.

### B.

■ Robertson's final assertion is that, even if ERISA is interpreted as not applying to plans covering only partners, ERISA applies to the Grant plan because the plan covers employees who are not partners. *See* 29 C.F.R. § 2510.3–3(b) (1985) ("However, a Keogh plan under which one or more common law employees, in addition to the self-employed individuals, are participants covered under the plan, will be covered under Title I.") Specifically, Robertson asserts that the plan covers Grant employees known as "principals." Principals are employees of Grant who, while they are treated like partners and compensated like partners, are forbidden by state law from becoming partners because they are not Certified Public Accountants. He argues that, since the provisions of the partners' retirement plan and the principals' retirement plan are nearly identical, the two separate plans are really one plan. Robertson's argument, however, misses the point. His argument ignores the fact that the plans, however similar, are two separate plans. The plan covering the partners does not pay any benefits to principals, and the

plan covering principals does not pay any benefits to partners. Since the plans are separate, the plan covering partners covers only partners, and the district court correctly ruled that the plan does not cover employees other than partners.

Finding ERISA inapplicable to plans covering only partners, and finding that the Grant plan covered only partners, we affirm the judgment of the district court.

AFFIRMED.