131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carolyn Ann ZEIGER, Plaintiff-Appellant,
v.
David C. ZEIGER; David C. Zeiger, as Trustee of the
Pharmaceutical Express Profit Sharing Plan; The
Pharmaceutical Express Profit Sharing
Plan; Priority Pharmacy,
Defendants-Appellees.
 No. 96-56206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1997.
Decided Nov. 25, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CV-95-03561-IEG; Irma E. Gonzalez, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Carolyn Ann Zeiger brought an ERISA action against her husband David Zeiger. Carolyn appeals the district court's dismissal of her complaint for lack of subject matter jurisdiction. We affirm.
 
 
 3
 The district court erred by applying the standard governing a motion to dismiss in deciding whether it had subject matter jurisdiction over Carolyn's claims. Because Carolyn brought her action under ERISA, the issue of whether the court had subject matter jurisdiction under that statute was intertwined with the merits of her claims. See Steen v. John Hancock Mutual Life Ins. Co., 106 F.3d 904, 910 (9th Cir.1997). Under such circumstances, the district court should apply the standard governing a motion for summary judgment to determine whether it has subject matter jurisdiction. See id.; Trentcosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1558 (9th Cir.1987).
 
 
 4
 Even under a summary judgment standard, however, the district court lacked subject matter jurisdiction under ERISA. ERISA applies only to employee benefits plans. See 29 U.S.C. § 1003(a). The Department of Labor Regulations promulgated under ERISA exclude from the definition of an employee benefits plan any plan in which the only participants are the owner of a business and his or her spouse. See 29 C.F.R. § 2510.3-3(b); id. § 2510.3-3(c)(1); see also Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 264 (9th Cir.1991). Priority Pharmacy, Inc. ("PPI") and its predecessor firms were at all relevant times owned either by David Zeiger alone or by both David and Carolyn Zeiger. The Zeigers were the only participants in the Profit Sharing Plan and its predecessors. Accordingly, the Profit Sharing Plan is not an ERISA plan, and dismissal was proper.
 
 
 5
 That PPI also sponsored a separate 401(k) plan for its employees does not change the status of the Profit Sharing Plan. A non-ERISA plan is not converted into an ERISA plan merely because the employer also sponsors a separate benefits plan subject to ERISA. See Robertson v. Alexander Grant & Co., 798 F.2d 868, 871 (5th Cir.1986). Peterson v. American Life & Health Ins., 48 F.3d 404 (9th Cir.1995), is distinguishable. In that case, the employer initially established a single health benefits plan covering an employee and therefore subject to ERISA. See id. at 406. The employer's subsequent decision to bifurcate this plan into two policies, one covering an employee and the other covering only a partner, did not negate its essential character as a single plan. See id. In contrast, PPI's Profit Sharing Plan and its employee benefits plan were maintained separately at all times.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3