[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-6147

_____

D. C. Docket No. CV-97-L-140-S

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/01/99
THOMAS K. KAHN
CLERK

HERBERT A. SLAMEN,

Plaintiff-Appellant,

versus

PAUL REVERE LIFE INSURANCE COMPANY, a corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(February 1, 1999)

Before DUBINA and BARKETT, Circuit Judges, and JONES*, Senior Circuit Judge.

BARKETT, Circuit Judge:

Appellant Herbert Slamen appeals from an adverse post-trial order dismissing his claim for

disability insurance benefits under the Employee Retirement Income Security Act of 1974, 29
U.S.C.

_____

*Honorable Nathaniel R. Jones, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by
designation.

§§ 1001, et seq. ("ERISA").[1] Slamen contends that his disability insurance policy was not governed by ERISA and that the federal district court lacked subject matter jurisdiction over his suit against the Paul Revere Life Insurance Co. for refusing to pay benefits under Slamen's policy. Slamen contends that the district court should have remanded the case to the Alabama state courts, permitting Slamen's state law breach of contract and tort claims to proceed.

## BACKGROUND

On February 1, 1981, Slamen's solely-owned dental practice established a health plan providing health and life insurance coverage from the Centennial Life Insurance Company for Slamen and his employees.[2] This plan did not provide disability benefits to any employee. In 1985, Slamen purchased a disability insurance policy from Paul Revere, which only covered himself. As with the health and life insurance policies, the premiums under the disability insurance policy were paid by Slamen's professional corporation, "Herbert A. Slamen, D.M.D., P.C."

On December 11, 1996, as a result of Paul Revere's refusal to pay benefits under Slamen's disability insurance policy, Slamen filed this action in the Circuit Court for Jefferson County, Alabama alleging that Paul Revere's refusal to pay was in breach of contract and was tortious. Paul Revere removed the case to federal court and Slamen sought a remand to the state courts. The district court denied the motion to remand and dismissed Slamen's state law claims as preempted

---

[1] Although this appeal arises from the district court's resolution of Slamen's ERISA claim, Slamen's argument focuses on the district court's denial of his motion to remand the case to the Alabama state courts.

[2] The insurer on the life and health insurance provided to Slamen's employees has since changed. Since 1984, Slamen's employees participate in the Comprehensive Security Trust, underwritten by the Vulcan Life Insurance Company.

2

by ERISA, allowing Slamen leave to amend for the purpose of stating an ERISA claim. After a bench trial, the district court entered judgment for Paul Revere on Slamen's ERISA claim. This appeal followed.

**DISCUSSION**

The sole issue raised on appeal is whether Slamen's disability insurance policy is an ERISA employee welfare benefit plan. If Slamen's disability insurance policy is governed by ERISA, the district court correctly recharacterized Slamen's claims as ERISA claims and denial of the motion to remand was proper because ERISA claims arise under federal law. Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1329-30 (11th Cir. 1998). However, if Slamen's disability insurance policy is not an ERISA plan and Slamen was not entitled to seek relief under ERISA, "no federal question jurisdiction exists" and the case must be remanded to the state courts. Id. at 1330.

ERISA defines an employee welfare benefit plan as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, [or] disability . . . .

29 U.S.C. § 1002(1). In Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982) (en banc), we set forth five requirements that must be established for an employee welfare benefit plan to fall within ERISA's scope. "[A] welfare plan requires (1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability . . . benefits . . . 5) to participants or their beneficiaries." Id. at 1371. "[A] 'plan, fund, or program' under ERISA is

3

established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Id. at 1373.

However, not all welfare benefit plans that meet these five criteria are governed by ERISA. As Donovan explains,

> [t]he gist of ERISA's definitions of employer, employee organization, participant, and beneficiary is that a plan, fund, or program falls within the ambit of ERISA only if the plan, fund, or program covers ERISA participants because of their employee status in an employment relationship, and an employer or employee organization is the person that establishes or maintains the plan, fund, or program. Thus, plans, funds, or programs under which no . . . employees or former employees participate are not employee welfare benefit plans under Title I of ERISA.

Id. (footnotes omitted); 29 C.F.R. § 2510.3-3(b) (1998) ("[T]he term 'employee benefit plan' shall not include any plan, fund, or program . . . under which no employees are participants covered under the plan.").

Thus, in order to establish an ERISA employee welfare benefit plan, the plan must provide benefits to at least one employee, not including an employee who is also the owner of the business in question. See Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir. 1991); 29 C.F.R. § 2510.3-3(c)(1) (1998) ("An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse."); see also Peterson v. American Life & Health Ins. Co., 48 F.3d 404, 407 (9th Cir. 1995) ("Neither an owner of a business nor a partner in a partnership can constitute an 'employee' for purposes of determining the existence of an ERISA plan."); Meredith v. Time Ins. Co., 980 F.2d 352, 357 (5th Cir. 1993) ("These regulations prevent Meredith from being simultaneously an employer and an employee.").

4

Slamen argues that the disability insurance policy he purchased from Paul Revere in 1985 was not an ERISA plan because he wholly owned the dental practice and was the only person covered under the disability insurance policy. Thus, by virtue of § 2510.3-3(c)(1), he argues that he could not be considered an employee for purposes of determining whether the disability insurance policy was an ERISA plan. We agree. Slamen's disability insurance policy covered only himself. No employees received any benefits under the plan and there is nothing in the record showing that the disability insurance policy bears any relationship to the health and life insurance benefits that Slamen provides to his employees. On the contrary, the two policies were purchased at different times, from different insurers, and for different purposes. The first policy covers Slamen's employees as well as himself, while the second policy only covers Slamen and was not designed to benefit Slamen's employees.

In light of these facts, we are not persuaded by Paul Revere's argument that ERISA nonetheless applies here because Slamen had in place other insurance for his employees. In Kemp v. IBM Corp., 109 F.3d 708 (11th Cir. 1997), we held that "non-ERISA benefits do not fall within ERISA's reach merely because they are included in a multibenefit plan along with ERISA benefits." Id. at 713. Applying this principle, we held that an employer's retirement education assistance benefits were not benefits protected by ERISA and that their inclusion in a broader multibenefit plan did "not turn the non-ERISA benefit into an employee welfare benefit plan." Id. By analogy, Slamen's disability insurance policy – which is not, by its terms, an ERISA plan – is not converted into an ERISA plan merely because Slamen also provides ERISA benefits to his employees. See Zeiger v. Zeiger, 131 F.3d 150, 1997 WL 737659, at * 1 (9th Cir. Nov. 25, 1997) ("A non-ERISA plan is not converted into an ERISA plan merely because an employer also sponsors a separate

5

benefits plan subject to ERISA.").

Indeed, in <u>Robertson v. Alexander Grant & Co.</u>, 798 F.2d 868 (5th Cir. 1986), the Fifth Circuit applied this very reasoning in holding that ERISA did not apply to a plan covering only partners. The court rejected the argument that ERISA applied because the plan also covered principals, a class of employees, finding that this claim

> ignores the fact that the plans, however similar, are two separate plans. The plan covering the partners does not pay any benefits to principals, and the plan covering principals does not pay any benefits to partners. Since the plans are separate, the plan covering partners covers only partners, and the district court correctly ruled that the plan does not cover employees other than partners.

<u>Id.</u> at 871-72; <u>see also</u> <u>In re Watson</u>, 161 F.3d 593, 596 n.4 (9th Cir. 1998) (treating benefit plan that only provided benefits to physician owner separately from plan for nurse employees because "they are independent plans under ERISA"). This reasoning is equally applicable here.[3]

Moreover, Paul Revere's argument is inconsistent with the purpose of excluding benefit plans that provide benefits only to employers from ERISA's broad scope. ERISA excludes employer benefit plans from its broad scope because "[w]hen the employee and employer are one and the same, there is little need to regulate plan administration." <u>Meredith</u>, 980 F.2d at 358. In light of the clear exclusion of benefit plans covering only owners from ERISA's scope, we think that it makes little sense to treat a benefit plan, which covers only a business owner such as Dr. Slamen,

---

[3] Paul Revere offers us a number of cases from other federal courts of appeal to support their assertion that we should consider the overall insurance coverage offered by Slamen, rather than the disability insurance policy, but those cases are distinguishable. <u>See</u> <u>Peterson</u>, 48 F.3d at 407-08 (finding that the American benefit plan that only covered a partner was an ERISA plan because it "originally covered a non-partner employee in addition to Peterson and his partner"); <u>Madonia v. Blue Cross & Blue Shield</u>, 11 F.3d 444, 448 (4th Cir. 1993) (recognizing that owner of corporation could not be sole participant in employee benefit plan, but finding ERISA applied because "MNA's plan benefitted employees other than Dr. Madonia").

6

as a component of the employer's employee benefit program. Instead, we agree with <u>Robertson</u> that an <u>employer</u> benefit program must be analyzed separately from an <u>employee</u> benefit program absent evidence – not present here – showing that the two programs are related.[4]

In conclusion, Slamen's disability insurance policy is not an ERISA plan because all the benefits flow to the owner, Dr. Herbert Slamen. Because the plan is not governed by ERISA, Slamen's action for the recovery of benefits did not arise under ERISA and the district court was without federal jurisdiction over Slamen's claim. Accordingly, the district court erred in denying Slamen's motion to remand. The judgment of the district court is REVERSED with instructions to remand this case to the Alabama state courts.

---

[4] Nor does the fact that the premiums were paid by Slamen's professional corporation, rather than Slamen himself, dictate a contrary result. As we have said, to establish that the plan in this case is governed by ERISA, Paul Revere would have to show that an employee other than Dr. Slamen received benefits under the disability insurance policy. Paul Revere has failed to make this showing and the clear import of the ERISA regulations is that Dr. Slamen cannot be considered an employee of the professional corporation which he owns.