OSKARS, INC.; Kent Albertson; Mark Albertson; Chandra Albertson; and Julie Albertson, Plaintiffs,

v.

BENNETT & CO., INC.; Alabama Hospitality Assoc.; Larry Bennett, Defendants.

No. CIV. A. 01–A–69–E.

United States District Court, M.D. Alabama, Eastern Division.

March 9, 2001.

Donald R. Harrison, Harrison & Edmondson, LLC, Dadeville, AL, for Plaintiffs.

Stephen E. Whitehead, Jeffrey Neal Cotney, Lloyd, Gray & Whitehead, P.C., Joseph E. Stott, Clark & Scott, P.C., Thomas A. Kendrick, Celeste K. Poteat, Norman, Wood, Kendrick & Turner, Joseph E. Stott, Clark & Scott, P.C., Birminghan, AL, Birmingham, AL, Lee H. Copeland, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, for Defendants.

Organization Management, Inc., c/o Tina M. Turner, Montgomery, AL, Pro se.

### MEMORANDUM OPINION

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on a Motion to Remand filed by Kent Albertson, Mark Albertson, Chandra Albertson, and Julie Albertson ("individual Plaintiffs") and Oskars, Inc. (collectively "the Plaintiffs") on January 31, 2001 (Doc. # 2).

The Plaintiffs originally filed their Complaint in this case in the Circuit Court of Tallapoosa County, Alabama. The Plaintiffs bring claims against Bennett & Co., Inc.; Alabama Hospitality Association; Larry Bennett; and fictitious parties for breach of contract (Count I), fraud and misrepresentation (Count II), bad faith (Count IV)[1], suppression (Count V), breach of fiduciary duty (Count VI), and theft and conversion (Count VII).

On January 17, 2001, HealthSTRATEGIES, Inc. filed a Notice of Removal,[2] stating that only HealthSTRATEGIES; Bennett & Co., Inc.; and Larry Bennett had been served and that Bennett & Co., Inc. and Larry Bennett consented to removal. According to HealthSTRATEGIES, this court has subject matter jurisdiction in this case under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). Defendant Alabama Hospitality Associa-

tion, Inc. filed a consent to the removal on February 22, 2001.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II. MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied*, 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III. FACTS

The facts as alleged in the Plaintiffs' Complaint are as follows:

Oskars is a closed family corporation owned entirely by individual family owners Kent Albertson, Mark Albertson, Chandra Albertson, and Julie Albertson. Kent Albertson and Mark Albertson enrolled as participants in the plan at issue and also enrolled their wives, Plaintiffs Chandra Albertson and Julie Albertson.

The Complaint alleges that individual Plaintiffs were solicited by an agent of Bennett & Co., Inc. to change their health and hospitalization plan. The Plaintiffs allege that the insurance which was subsequently purchased was owned by the four individual Plaintiffs. The Plaintiffs further allege that claims for benefits were denied

---

1. There is no numbered Count III in the Complaint.

2. HealthSTRATEGIES is not listed as a defendant in the caption of the copy of the Complaint provided to this court.

because of financial difficulty suffered by one or all the Defendants, or for other reasons.

## IV. DISCUSSION

■ Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, Health-STRATEGIES and Alabama Hospitality Association ("the Defendants") have removed this case to federal district court, stating that the court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. 2425.

■ There are, however, exceptions to the well-pleaded complaint rule. One exception is known as the "complete preemption" doctrine. *Id.* This exception is recognized in the rare instance that Congress so "completely pre-empts a particular area that any civil complaint ... is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The inquiry for complete preemption is jurisdictional in nature and focuses on whether Congress intended to make the plaintiff's cause of action federal and removable despite the fact that the plaintiff's complaint only pleads state law claims. *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1181 (9th Cir.1989).

■ The Supreme Court has determined that the uniform regulatory scheme established by ERISA is one area in which Congress intended to provide for complete preemption. *Metropolitan Life Ins. Co.,* 481 U.S. at 64–67, 107 S.Ct. 1542. The Eleventh Circuit has set out four elements for finding complete preemption under ERISA: one, there must be a relevant ERISA plan; two, the plaintiff must have standing to sue under that plan; three, the defendant must be an ERISA entity; and four, the complaint must seek compensatory relief akin to that available under a particular ERISA provision, which is normally akin to a claim for benefits due under a plan. *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1212 (11th Cir.1999).

ERISA defines the term "employee welfare benefit plan" as "any plan, fund, or program which was ... established or maintained by an employer or by an employee organization ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of accident, disability, death or unemployment, or vacation benefits ...." 29 U.S.C. § 1002(1)(A). The Eleventh Circuit has interpreted this statutory definition in *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982) (en banc). According to the Eleventh Circuit:

> To be an employee welfare benefit plan, the intended benefits must be health, accident, death or disability, unemployment or vacation benefits; the intended beneficiaries must include union members, employees, former employees or their beneficiaries; and an employer or employee organization, or both, and not individual employees or entrepreneurial businesses, must establish or maintain the plan, fund or program.

*Donovan,* 688 F.2d at 1373.

■ The Plaintiffs contest that the insurance at issue is an ERISA plan. One argument advanced by the Plaintiffs is that the status of the individual Plaintiffs as owners of the business precludes

ERISA preemption. HealthSTRATE-GIES responds in brief by arguing that even though the four individual Plaintiffs in this case are owners of the business, this does not preclude them from being beneficiaries of an ERISA plan under Eleventh Circuit law.

The court's starting point for the analysis of this issue is 29 C.F.R. §§ 2510.3–3 which provides as follows:

> (b) [T]he term 'employee benefit plan' shall not include any plan, fund or program ... under which no employees are participants covered under the plan....
> (c) *Employees.* For purposes of this section:
> (1) An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business ... which is wholly owned by the individual or by the individual and his or her spouse, and
> (2) A partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership.

In *Slamen v. Paul Revere Life Ins. Co.,* 166 F.3d 1102 (11th Cir.1999), a dentist who was the sole owner of a dental practice established a health plan which provided life and health insurance coverage for himself and his employees. The dentist also purchased a disability insurance policy which only covered the dentist. *Id.* at 1103. The dentist brought claims under the disability policy, which the district court concluded were governed by ERISA as an ERISA plan. *Id.* at 1104. Applying the regulation quoted above, the Eleventh Circuit stated that to establish an ERISA employee welfare benefit plan, "the plan must provide benefits to at least one employee, not including an employee who is also the owner of the business in question." *Id.* ERISA excludes employer benefit plans because when the employee and employer are the same person, there is little need to regulate plan administration. *Id.* at 1105–06. The court held, therefore, that because no non-owner employees re-

ceived benefits under the plan, the disability plan was not an ERISA plan. *Id.* at 1106.

HealthSTRATEGIES does not address the Eleventh Circuit's holding in *Slamen,* but instead argues that the individual Plaintiffs in this case have standing to state a claim under ERISA under the Eleventh Circuit's decision in *Engelhardt v. Paul Revere Life Ins. Co.,* 139 F.3d 1346 (11th Cir.1998). In *Engelhardt,* the court held that Dr. Engelhardt, one of the four surgeon/owners of a professional corporation, had standing to bring claims under ERISA as a beneficiary who may be entitled to a benefit under an ERISA plan. *Id.* at 1351. In that case, however, it was undisputed that the group policy at issue was an ERISA plan which covered non-owner employees of the business. *Id.* at 1351.

Taken together, *Slamen* and *Engelhardt* stand for the proposition that while an owner/employer may have standing under ERISA as a beneficiary of an ERISA plan, the plan must first be an ERISA plan by virtue of there being another employee, besides the owner/employer, who benefits from the plan. *Slamen,* 166 F.3d at 1104; *see also Gilbert v. Alta Health & Life Ins. Co.,* 122 F.Supp.2d 1267, 1270–71 (N.D.Ala.2000)(discussing *Slamen* and *Engelhardt* ). In other words, only if there are non-owner employees participating in a plan can an ERISA plan be established which would then subject the claim of the owner who was participating in the plan to ERISA complete preemption.

Applying these Eleventh Circuit cases to the facts before it, the court concludes that the facts in this case fall within the holding of *Slamen,* rather than *Engelhardt.* HealthSTRATEGIES does not dispute that the four individual Plaintiffs own Oskars, Inc. It appears from the application for insurance submitted to the court that only four employees of Oskars, Inc. were covered by the policy; namely, the four

owners who are the individual Plaintiffs in this case. *See* HealthSTRATEGIES Exhibit I. No assertion has been made by HealthSTRATEGIES, nor has the court been provided evidence to support such an assertion, that any other employees of Oskars, Inc. are covered by the insurance policy at issue. To the contrary, the Plaintiffs have attached to their Reply Brief an affidavit wherein an insurance agent states that he sold the insurance policy at issue only for the four family owners. *See* Affidavit of Tommy Harrelson. The Plaintiffs also provide an affidavit wherein Kent Albertson states that no employees other than the family members were ever offered the health insurance plan. *See* Affidavit of Kent Albertson. Because the evidence provided to this court establishes that no non-owner employee benefitted from the plan, under *Slamen* and the applicable regulation, there is no ERISA plan in this case.[3]

## V. CONCLUSION

For the reasons discussed, the court concludes that there is no ERISA plan in this case. Because there is no ERISA plan, the Plaintiffs' well-pleaded Complaint asserting only state law claims is not completely preempted. Accordingly, since the Complaint brings only state law claims, this court lacks federal question jurisdiction and the Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

---

**3.** Because the court finds that there is no ERISA plan on this basis, the court will not address the other arguments raised by the Plaintiffs, or HealthSTRATEGIES' responses to those arguments.