

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-20-2001

# Leckey v. Stefano

Precedential or Non-Precedential:

Docket 00-3698

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation
"Leckey v. Stefano" (2001). *2001 Decisions.* Paper 186.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/186

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 20, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3698

JANICE B. LECKEY; JANICE B. LECKEY, Executrix of the
Estate of Evelyn O. Knapp, a/k/a Evelyn Olliffe Knapp,
Deceased a/k/a JANICE BURGER LECKEY,

     Appellants

v.

PAUL W. STEFANO; FRANK W. JONES, Administrators of
the Estate of William E. Knapp, Deceased, and Trustees
of the Insurance Trust of William Knapp, Deceased

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 95-cv-00108)
District Court Judge: Robert J. Cindrich

Argued on July 12, 2001

Before: SLOVITER, ALITO, and GREENBERG,
Circuit Judges.

(Opinion Filed: August 20, 2001)

WILLIAM R. CAROSELLI (Argued)
Caroselli, Beachler, McTiernan &
 Conboy
312 Boulevard of the Allies,
 8th Floor
Pittsburgh, PA 15222

Edward C. Leckey
1035 5th Avenue
Pittsburgh, PA 15219

Counsel for Appellants

HARRY F. KUNSELMAN
DAVID A. STRASSBURGER (Argued)
Strassburger, McKenna, Gutnick &
Potter
322 Boulevard of the Allies,
 Suite 700
Pittsburgh, PA 15222

Counsel for Appellees

OPINION OF THE COURT

ALITO, Circuit Judge:

Plaintiffs brought suit under the Employee Retirement
Income Security Act of 1974 ("ERISA"), 29 U.S.C. S 1001 et
seq., as amended by the Retirement Equity Act of 1984
("REA"), Pub. L. No. 98-397, challenging distributions made
by William Knapp ("William") from a Pension Plan and a
Profit Sharing Plan without the consent of his wife, Evelyn
Knapp ("Evelyn"). The District Court found that neither
plan was governed by ERISA and therefore dismissed the
suit for lack of subject matter jurisdiction. As both plans
were covered by ERISA, we reverse the order of the District
Court and remand for further proceedings.

I.

In 1985, William incorporated a family business named
American Carbyde ("AmCarb"). That same year, AmCarb

2

established a Profit Sharing Plan and corresponding Profit Sharing Trust. The Profit Sharing Trust was funded through a rollover of William's assets from profit sharing and pension plans from two prior jobs. The Profit Sharing Plan provided that distributions from the plan were to be made as a joint and survivor annuity, unless the participant's spouse consented to waive that requirement.

In December 1986, AmCarb also adopted a Pension Plan. AmCarb made contributions to the Pension Trust for 1986 and 1987. Like the Profit Sharing Plan, the Pension Plan provided that, absent the written, attested consent of the participant's spouse, distributions from the Pension Trust were to be made as joint and survivor annuities.

In 1992, William, who served as administrator of the Profit Sharing Trust, transferred trust assets to various individual retirement accounts ("IRAs") without the consent of his wife, Evelyn. William opened the IRAs in his own name and designated as the beneficiary an Insurance Trust that he had created. When William died on February 16, 1993, the assets from these IRAs were distributed to the Insurance Trust, which provided Evelyn with an income stream until her death.

Similarly, in 1992, William, who administered the Pension Plan as president of AmCarb, transferred securities and other assets from the Pension Trust to his personal brokerage account. In May 1992, he returned $10,386 to the Pension Plan's checking account and distributed this sum to his step-daughter, Janice Leckey ("Janice"). He then closed the Pension Trust's checking account, depositing the remaining funds in his personal checking account. Evelyn never consented to these transfers from the Pension Trust. William obtained approval from the Internal Revenue Service to terminate the Pension Plan effective December 31, 1991.

In January 1995, Evelyn, as William's spouse and the remaining beneficiary of the Pension and Profit Sharing Plans, and Janice, as the surviving trustee of the Profit Sharing and Pension Trusts, brought suit under ERISA, as amended by the REA. Plaintiffs claimed that William violated Section 205 of ERISA, 29 U.S.C. S 1055, by

3

withdrawing funds from the Pension and Profit Sharing Plans without Evelyn's consent and without using a joint and survivor annuity. Section 205 requires, as a general rule, "that a participant's benefits be paid in the form of a joint/survivor annuity unless the participant's spouse consents in writing to a different mode of payment." Appendix at 4a-5a ("App."); see 29 U.S.C. S 1055(a), (c), (g), (k). Plaintiffs also alleged that these unlawful withdrawals violated William's statutory duties to Evelyn and his fiduciary duties as administrator of the plans. Plaintiffs requested an order requiring the return of the assets that William had unlawfully distributed from the Profit Sharing Trust, as well as an order compelling the trustees of the Insurance Trust to obtain a refund of inheritance taxes paid on the assets that were transferred to William's IRAs. Plaintiffs likewise sought the funds that William transferred from the Pension Trust, together with interest on those funds.1 Plaintiffs named Paul Stefano and Frank Jones, the administrators of William's estate and trustees of the Insurance Trust, as defendants.

After one unsuccessful attempt to obtain summary judgment, the defendants moved for reconsideration of their motion for summary judgment. In response, the District Court held that neither the Profit Sharing Plan nor the Pension Plan was governed by ERISA and dismissed the case for lack of subject matter jurisdiction by order entered August 15, 2000. Plaintiffs' motion to alter or amend this order was denied on October 3, 2000, whereupon plaintiffs filed this appeal.2

_____

1. After Evelyn died on December 13, 1997, Janice, in her capacity as executrix of Evelyn's estate, was substituted for Evelyn as a plaintiff.

2. The defendants assert that plaintiffs improperly included and rely on documents in the appendix that were submitted after summary judgment was granted. Appellees' Brief at 6. Plaintiffs reply by arguing that the District Court accepted and responded to facts supported by these documents, thereby incorporating subsequently submitted documents into the record. Reply at 3-4. We need not dwell on this issue since defendants concede certain facts regarding AmCarb's ownership and the participants in the plans that are sufficient to resolve this appeal.

II.

Plaintiffs' suit was brought under Title I of ERISA. See, e.g., 29 U.S.C. S 1055. The Department of Labor has issued regulations to help identify plans that qualify as"employee benefit plans" covered by Title I. 29 C.F.R.S 2510.3-3(a). Those regulations define "employee benefit plan" to exclude "any plan . . . under which no employees are participants covered under the plan." 29 C.F.R. S 2510.3-3(b). In determining whether there are employees covered by a plan, the regulations mandate that "[a]n individual and his or her spouse shall not be deemed to be employees with respect to a trade or business . . . which is wholly owned by the individual or by the individual and by his or her spouse." 29 C.F.R. S 2510.3-3(c)(1). This appeal turns on the interpretation of this final provision.

Under the regulation, we must determine whether both the Pension Plan and the Profit Sharing Plan had at least one employee-participant. With respect to the Profit Sharing Plan, the defendants contend that, when the alleged distributions occurred,3 William was the only participant and had been the only participant since 1988. Appellees' Brief at 5, 8, 11, 19; see also Appellants' Brief at 22; App. at 3a. With respect to the Pension Plan, both sides agree that William and Janice were participants in the Pension Plan. Appellants' Brief at 22; Appellees' Brief at 5, 11, 19; App. at 4a. Thus, in order for the Profit Sharing Plan to be covered by ERISA, William must be counted as an employee, and in order for the Pension Plan to be covered either William or Janice must be counted as an employee. William and Janice were participants in both plans as a result of their employment with AmCarb but, as noted, under the regulation, an individual and the individual's spouse are not counted as employees for purposes of identifying an ERISA plan if the trade or business is "wholly

_____

3. Defendants urge us to determine whether the plans are covered by ERISA at the time of the alleged distributions rather than at some earlier point, as the plans may have covered other employees at an earlier time. We need not decide when a plan's ERISA status ought to be determined or whether a plan may lose its ERISA status by attrition as we conclude that even at the time of the alleged distributions, both plans were governed by ERISA.

5

owned by the individual or by the individual and his or her spouse." 29 C.F.R. S 2510.3-3(c)(1). Here, at the time of the alleged distributions, AmCarb was owned by William, his wife Evelyn, and his step-daughter Janice. Appellees' Brief at 5, 19. If we read the regulation literally to apply only when a company is owned by an individual or by spouses, Janice's ownership requires that both she and William be counted as employees and means that both plans are covered by ERISA.

The District Court, however, concluded that neither plan was governed by ERISA at the time of the distributions because AmCarb was wholly owned by "immediate family members." In reaching this decision, the court relied on this Court's opinion in Matinchek v. John Alden Life Ins. Co., 93 F.3d 96 (3d Cir. 1996). In Matinchek , Mr. and Mrs. Matinchek were the sole owners of a funeral home. Matinchek, 93 F.3d at 102. Mr. Matinchek enrolled in a group health insurance plan provided by the John Alden Life Insurance Company. Id. at 97-98. In his application, Mr. Matinchek made several misrepresentations regarding his medical history and condition. Id. at 98. Based on this application, John Alden issued a policy covering Mr. and Mrs. Matinchek. Id. After discovering Mr. Matinchek's misrepresentation, John Alden rescinded the policy and refused to pay Mr. Matinchek's claims arising from his February 1992 hospitalization and a May 1992 accident. Id. at 98-99. Mr. Matinchek sued. The District Court found that the suit was governed by ERISA. Id. at 99.

A panel of our Court disagreed. The Court noted that Department of Labor regulations exclude from ERISA's coverage those plans that do not cover any employees. Id. at 100. The Court also noted the rule that "[a]n individual and his or her spouse [are] not . . . deemed to be employees with respect to a trade or business . . . which is wholly owned by the individual or by the individual and his or her spouse." Id. (quoting 29 C.F.R. S 2510.3-3(c)(1)). In light of these regulations, the Court held "that an insurance coverage plan covering only a sole business owner and his or her immediate family members cannot qualify as an employee welfare benefit plan covered by ERISA." Id. at 101. In a footnote, the Court went on to "note that this

6

holding applies to all businesses solely-owned by immediate family members, regardless of whether the owners are sole proprietors, sole shareholders, or partners." Id. at 101 n.3.

Based on this footnote, the District Court concluded that our Court had expanded 29 C.F.R. S 2510.3-3(c)(1) to exclude owners who were immediate family members from being counted as employees. Although the District Court questioned this holding, it felt bound by it. The District Court therefore concluded "that shareholders of a company, all of whom are immediate family members, are owners, not employees for purposes of determining whether a plan is covered by ERISA" and held that the Pension and Profit Sharing Plans were not covered by ERISA. App. at 13a, 17a.

The District Court misinterpreted Matinchek. The Court in Matinchek was called upon to decide only whether ERISA governed an insurance plan covering a husband and wife who co-owned a business. It was not asked to decide whether ERISA would also govern a policy that covered other immediate family who jointly owned a business. As a result, even if the Court's footnote is read as suggesting that immediate family members who jointly own a company do not count as employees, that assertion is merely dictum.

Moreover, the Matinchek Court did not hold that 29 C.F.R. S 2510.3-3(c)(1) applies to immediate family members other than spouses. The Court stated "that an insurance coverage plan covering only a sole business owner and his or her immediate family members cannot qualify as an employee welfare benefit plan." Matinchek, 93 F.3d at 101. This statement is uncontroversial. A sole business owner would not be counted as an employee under 29 C.F.R. S 2510.3-3(c)(1). If he or she bought an insurance policy covering immediate family members who were not employees or owners, the policy would not cover any employees and therefore would not be governed by ERISA. The same result would follow if the business were wholly owned by an individual and his or her spouse.

The footnote in question merely explains that this principle does not change with the type of business organization at issue. If an individual is a sole proprietor, he or she may purchase insurance for immediate family

7

members who are not employees without the plan being subject to ERISA. The result is the same if the individual or the individual and his or her spouse are the sole shareholders. And if the owners are partners, they will not be counted as employees of the partnership even if they are not spouses, because 29 C.F.R. S 2510.3-3(c)(2) states that "[a] partner in a partnership and his or her spouse shall not be deemed to be employees with respect to the partnership." The footnote in Matinchek thus does not stand for the proposition that immediate family members, other than spouses, who wholly own a business are not to be counted as employees.

Since Matinchek did not expand the reach of 29 C.F.R. S 2510.3-3(c)(1) beyond its plain language, we are left to apply the regulation as written. As noted, section 2510.3-3(c)(1) states:

> An individual and his or her spouse shall not be deemed to be employees with respect to a trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her spouse.

The regulation only prevents spouses who wholly own a business from being counted as employees. See In re Metz, 225 B.R. 173, 177 (9th Cir. B.A.P. 1998) (plan covered by ERISA where former spouses were sole shareholders of corporation sponsoring plan); Provident Life & Accident Ins. Co. v. Cohen, 137 F. Supp. 2d 631, 635, 636 (D. Md. 2001) (noting that 29 C.F.R. S 2510.3-3(c)(1) "limits its reach to individuals (and their spouses) who `wholly' own a business" but does not address "a corporation's co-owners who are not married to each other," and holding that unmarried co-owners "were not explicitly excluded by the DOL regulation" from being counted as employees); Melluish v. Provident Life & Accident Ins. Co., 2001 U.S. Dist. Lexis 4595, at *9, *14-15 (W.D. Mich. Feb. 26, 2001) (person who was one of three owners of a corporation properly counted as an employee). Indeed, in a 1976 advisory opinion, the Department of Labor made clear that a pension or profit sharing plan covering only the shareholders of a company or their spouses would lie outside ERISA's scope"only where the stock of the corporation is wholly owned by one

8

shareholder and his or her spouse and the shareholder or the shareholder and his or her spouse are the only participants in the plan." Department of Labor, Pension & Welfare Benefit Programs, Opinion 76-67, 1976 ERISA Lexis 58 (May 21, 1976).

It is undisputed that Janice was William's step-daughter, not his spouse. Because William and Janice were not spouses, they could be counted as employees, even though they were also owners. As a result, at the time of the distributions, both plans had at least one employee-participant. William was a participant in the Profit Sharing Plan, while both William and Janice were participants in the Pension Plan. Accordingly, both plans qualified as employee benefit plans under ERISA. See Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 294 (5th Cir. 1999) (The company's "employee benefit plan is an ERISA plan because it does not solely cover the Vegas, co-owners of the company; rather, it includes their employees, and[the company] employs at least one other person besides the Vegas."); Robinson v. Linomaz, 58 F.3d 365, 368 (8th Cir. 1995) (Where group insurance policy purchased by company required that "non-owner, common law employee" be covered, the plan was governed by ERISA.).4

III.

Because both the Profit Sharing and Pension Plans were governed by ERISA, the District Court erred in dismissing plaintiffs' claims arising under Title I of ERISA. Accordingly, we reverse the District Court's order of dismissal and remand the case for further proceedings.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit
_____

4. Given our resolution of the case, we need not address plaintiffs' argument that 29 C.F.R. S 2510.3-3(c)(1) should not apply because it predated the REA and has not been amended since the REA was enacted in 1984.

9