207 F.Supp.2d 1355 (2002)
Candy HARMAN, as parent, natural guardian, and next friend of Jayme Seybold, a minor, Plaintiff,
v.
UNITED HEALTHCARE OF FLORIDA, INC., Defendant.
No. 8:01-CV-2496-T-23MAP.
United States District Court, M.D. Florida, Tampa Division.
May 8, 2002.
*1356 Barry E. Berger, James J. Dowling, Law Offices of Berger & Dowling, Palm Harbor, FL, for Plaintiff.
Kirk M. Gibbons, John R. Bello, Jr., Chorpenning, Good, Gibbons, Cohn & Bello, Tampa, FL, for Defendant.

ORDER
MERRYDAY, District Judge.
The defendant, United HealthCare of Florida, Inc. ("United"), moves to dismiss the complaint filed by the plaintiff, Candy Harman ("Harman"), as parent, natural guardian, and next friend of Jayme Seybold, a minor (Doc. 6). United also moves to strike Harman's demand for a jury trial (Doc. 7). Harman opposes United's motions (Doc. 10) and moves to remand the case to state court (Doc. 9). United opposes the motion to remand (Doc. 11).
Harman filed a two-count complaint in state court. Harman asserts a claim for breach of contract because United, Harman's insurer, denied benefits to Harman for psychiatric care received by her daughter. Harman also asserts a claim for declaratory relief to clarify her right to future benefits under the subject insurance policy.
United removed the case to this Court contending that Harman's action is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. United asserts that the claims in the complaint constitute state law claims which are preempted by ERISA.
ERISA governs actions to recover benefits due under employee welfare benefit plans. See 29 U.S.C. § 1002(1). The five elements of an employee welfare benefit plan are: "(1) a plan, fund, or program, (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing *1357 medical, surgical, hospital care, sickness, accident, disability, . . . benefits (5) to participants or their beneficiaries." Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir.1982) (internal quotation marks omitted).
Harman challenges the applicability of ERISA contending that the subject insurance policy is not an employee welfare benefit plan. Harman. Thomas Voigt, Marc Sutherland, and Sharon Wilcox served as shareholders of Harman Marketing Group, Inc. ("Harman Marketing"), which funds the subject insurance plan.[1] Harman serves as the president of Harman Marketing. Harman and Voigt initially participated in the insurance plan. In June, 2000, Jennifer Evans, a secretary for Harman Marketing, began participating in the Insurance plan but ceased plan participation in September, 2001. Thereafter, Harman remained the sole participant in the insurance plan. Harman argues that no employee welfare benefit plan was created because, at the time of the plan's inception, both Harman and Voigt were shareholders of Harman Marketing. Harman alternatively contends that even if an ERISA plan formed initially, ERISA ceased to govern the plan after Harman became the sole plan participant.
"An `employee welfare benefit plan must provide benefits to at least one employee."' Santino v. Provident Life and Accident Ins. Co., 276 F.3d 772, 775 (6th Cir.2001) (quoting 29 C.F.R. § 2510.3-3(b)). An employee is "any individual employed by an employer." 29 U.S.C. § 1002(6). The definition of employee has been "expanded" to "incorporat[e] common law agency criteria." 276 F.3d at 775 (citing Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318, 323 n. 3, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)). However, an individual "shall not be deemed [an] employee[] with respect to a . . . business . . . which is wholly owned by the individual."' 276 F.3d at 775 (quoting 29 C.F.R. § 2510.3-3(c)(1)). An individual who owns shares of a company but does not "wholly own" the company is an "employee" for ERISA purposes. Santino, 276 F.3d at 775; Sipma v. Massachusetts Casualty Ins. Co., 256 F.3d 1006, 1010-1011 (10th Cir.2001).
In this case, both Harman and Voigt were "employees" at the time they began participating in the insurance plan issued by United and funded by their employer, Harman Marketing. Harman and Voigt both owned shares of Harman Marketing, but neither Harman nor Voigt "wholly owned" Harman Marketing. This case is easily distinguishable from Slamen v. Paul Revere Life Ins. Co., 166 F.3d 1102 (11th Cir.1999). In Slamen, an individual who wholly-owned a business participated in an insurance plan funded by his business that covered only himself. 166 F.3d at 1103-1104. The insurance plan was not governed by ERISA. 166 F.3d at 1105.
However, the insurance policy issued by United to Harman meets the statutory criteria for an employee welfare benefit plan. The plan was established through Harman Marketing, Harman and Voigt's employer, for the purpose of providing medical benefits to participants and their beneficiaries. Further, ERISA continued to govern the plan after September, 2001, though Harman became the sole plan participant. See Nix v. United Health Care of Ala., Inc., 179 F.Supp.2d 1363, 1368 (M.D.Ala.2001) ("[R]egardless of the characteristics of the plan on the date Plaintiff filed his claim. ERISA governs the plan because the plan originally covered *1358 a non-owner employee."); see also Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir.1991) ("[A] plan covering only a single employee, where all other requirements are met, is covered by ERISA.").
Because the subject insurance policy qualifies as an employee welfare benefit plan subject to ERISA, Harman's state law claims for breach of contract and declaratory relief are preempted by ERISA. 29 U.S.C. § 1144(a); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Accordingly, United's motion to dismiss Harman's complaint (Doc. 6) is GRANTED. Harman's motion to remand the case to state court (Doc. 9) is DENIED. Harman's complaint (Doc. 2) is DISMISSED.[2] Harman may amend her complaint to assert claims pursuant to ERISA within fifteen (15) days of receipt of this Order.
NOTES
[1] At the time it established the benefit plan, Harman Marketing, a subchapter S corporation, employed four full-time employees (at least twenty-five hours worked per week) and two part-time employees.
[2] Of course, ERISA provides no right to a jury trial. Chilton v. Savannah Foods & Indus., Inc., 814 F.2d 620, 623 (11th Cir.1987); Howard v. Parisian, Inc., 807 F.2d 1560, 1566-1567 (11th Cir.1987). However, because the complaint is dismissed, United's motion to strike the demand for a jury trial (Doc. 7) is DENIED AS MOOT.