Gwendolyn BROWN, Dora Baxter, and Lestine Burton, Plaintiffs,

v.

COMMONWEALTH NATIONAL LIFE INSURANCE COMPANY, INC., and John H. Moore, et al., Defendants.

·No. CV–94–A–1419–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 7, 1995.

---

Jere L. Beasley, Rhon E. Jones, and Thomas J. Methvin, Montgomery, AL, for plaintiffs.

George Thomas Yearout, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### INTRODUCTION

This cause is before the court on Plaintiffs' Motion to Remand the case to the Circuit Court of Lowndes County, Alabama.

Plaintiffs initially filed suit in that court on May 13, 1994, alleging various state law causes of action arising out of the sale of insurance by defendants to the plaintiffs. Defendant Commonwealth National Life Insurance filed a notice of removal on Novem-ber 2, 1994. Commonwealth based its removal on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, the defendant asserts that the claims made by the plaintiff arise under 26 U.S.C. § 3507 and are preempted by 29 U.S.C. § 1002, *et seq.*, known as the Employee Retirement Income Security Act ("ERISA").

According to Commonwealth, the insurance plan is governed by federal law in that these plaintiffs were able to afford the plan because of certain tax credits extended them by the U.S. Government. Additionally, Commonwealth argues that the insurance plan falls under the definition of an "employee benefit plan" and is therefore governed by ERISA. Commonwealth continues, stating that if the plan is in fact an ERISA plan, jurisdiction is proper in federal court under the preemption doctrine.

### FACTS

It appears from the limited factual record before the court that while the plaintiffs were employed at a retirement home in Lowndes County they each purchased health insurance issued by the defendant Commonwealth through the defendant Moore. It also appears that the plaintiffs financed the purchase of the insurance through an earned income tax credit as provided for under 26 U.S.C. § 3507, as well as through payroll deductions allowed by the plaintiffs' employer. According to affidavits filed by the plaintiffs, their participation in and purchase of the Commonwealth plan was entirely voluntary. Additionally, their employer apparently paid no portion of the plaintiffs' premiums, nor did the employer endorse the plan itself. The involvement of the employer appears to have been limited to allowing the defendant Moore access to the individual employees, and allowing for the payment of premiums through payroll deductions.

### STANDARD

It is axiomatic that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, —— U.S. ——, ——, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Where a plaintiff has brought suit in state court, and defendant seeks to

remove, the burden is on the defendant to show that there is jurisdiction in the federal court. *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). While to be sure, the court must take care not to deprive a defendant of its right to a federal forum if that right exists, the court must also be mindful of the need to control the federal caseload and of the principle that the plaintiff is master of his complaint. *Id.* The burden placed on the defendant is high, and when addressing a motion to remand, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

Defendant has based its removal on the presence of a federal question. That is, defendant claims that the insurance plan that is the subject of this litigation is governed by ERISA, and as such, all state claims are preempted by federal law. The court agrees that if, in fact, the plan comes under the provisions of ERISA, then this cause of action belongs in federal court. The court must therefore determine if this plan is governed by ERISA.

### FEDERAL QUESTION JURISDICTION

■ The court has examined the submissions of both parties. As to the contention by the defendant that the method of payment used by plaintiffs to finance the purchase of the insurance plan brings this case under the jurisdiction of the federal courts, the court finds the argument to be without merit. The program that was instituted by Congress simply allowed for an earned income credit that could be used to purchase health care. There would be no question that federal jurisdiction would not lie if these plaintiffs used their own tax refund to purchase insurance, nor could there be. In this case, the earned income credit program did nothing other than assist in the financing of *a* plan, not this particular plan. The federal statute cited by the plaintiff, therefore, does not bring this action under the purview of the federal court.

■ The second key issue for the court to decide is whether the Commonwealth plan purchased by the plaintiffs falls under the definition of an "employee benefit plan" or an "employee welfare benefit plan" as the term

is defined under ERISA. *Randol v. Mid-West Nat'l Life Ins. Co. of Tennessee*, 987 F.2d 1547, 1549 (11th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 180, 126 L.Ed.2d 139. According to ERISA, an employee welfare benefit plan is

> any plan, fund or program ... established or maintained by an employer ... to the extent such plan, fund or program was established or is maintained for the purpose of providing for its participants or beneficiaries, through the purchase of insurance or otherwise, ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment ...

29 U.S.C. § 1002(1).

Defendant contends that this plan was established by the employer for the benefit of the employees. However, the facts presented to the court show that the defendant cannot sufficiently establish that the plan meets the definition of "employee benefit plan" making it governed by ERISA. In fact, based on the affidavits submitted by the plaintiffs, affidavits that are uncontradicted by the defendant, this plan quite obviously is not governed by ERISA.

The Department of Labor has promulgated rules interpreting ERISA, and has provided some guidance as to what sort of plans are not considered ERISA plans. According to § 2510.3–1(j),

> For the purposes of title I of the Act and this chapter, the terms 'employee welfare benefit plan' and 'welfare plan' shall not include a group or group type insurance program offered by an insurer to employees or members of an employee organization, under which (1) No contributions are made by the employer or employee organization; (2) Participation [in] the program is completely voluntary for the employees or members; (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and (4) The

employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs. 29 C.F.R. § 2510.3–1(j).

According to the affidavits filed by each of the plaintiffs, all aspects of this test have been met. Plaintiffs have stated that their participation in the plan was voluntary, and that the employer paid none of the premiums for the policies. Additionally, plaintiffs have averred that their employer did not in fact endorse the particular plan at issue. Rather, they state that the employer simply allowed the defendants to collect premiums through payroll deductions. Again, these affidavits are unrebutted.

Although the court agrees with the defendant that the Eleventh Circuit's decision in *Randol* binds this court, that decision is distinguishable from the instant case. As defendant pointed out in its brief, in *Randol*, the employer did contribute to the purchase of the plan; $75 a month in premiums for the employees' policies. *Randol*, 987 F.2d at 1551; *see also, Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 568 (11th Cir.1994) ("The regulation [29 C.F.R. § 2510.3] applies only to programs where no contributions are made by an employer."). The facts in *Randol*, therefore, take that plan outside the description found in 29 C.F.R. § 2510. Payment of premiums through an earned income tax credit in this case cannot be equated to payment of premiums by the employer in *Randol*.

Based on the affidavits produced by the plaintiff, and given the severe burden placed on a defendant seeking to defeat a Motion to Remand, the court finds that defendant has not met its burden, and that remand is proper.

## CONCLUSION

Therefore, it is ORDERED that this cause be and it is hereby REMANDED to the Circuit Court of Lowndes County, Alabama.

The clerk is DIRECTED to take all steps necessary to effect this remand.