**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY SIPMA,

       Plaintiff - Appellant,

v.

MASSACHUSETTS CASUALTY
INSURANCE COMPANY,

       Defendant - Appellee.

No. 00-1289

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 99-D-377)**

James A. Carleo, Pueblo, Colorado, for Appellant.

Mark E. Schmidtke, Hoeppner, Wagner & Evans, LLP, Valparaiso, Indiana
(Frederick W. Klann, White and Steele, P.C., Denver, Colorado, on the brief), for
Appellee.

Before **TACHA**, Chief Judge, **ANDERSON**, and **MURPHY**, Circuit Judges.

**TACHA**, Chief Circuit Judge.

     Mr. Sipma appeals the district court's order of summary judgment. We

exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm, but on a different

rationale than that relied upon by the district court. See Phelan v. Laramie County Community College Bd. of Trustees, 235 F.3d 1243, 1246 (10th Cir. 2000).

## I. Background

The facts in this case are uncontested. In 1993, Appellant Randy Sipma acquired 49% of Bob's Excavating and Snow Removal, Inc. ("the corporation"), with Bob Byron owning the other 51%. The corporation employed approximately four other employees.

On March 18, 1993, Appellee Massachusetts Casualty Insurance Company ("the insurer") issued individual disability insurance policies to Mr. Sipma and Mr. Byron. The corporation paid the premiums on both of these policies. Additionally, the corporation paid the premiums for life insurance policies covering both Mr. Sipma and Mr. Byron. Only Mr. Sipma and Mr. Byron were covered by the disability and life insurance policies. A separate health insurance policy covered both Mr. Sipma and Mr. Byron, as well as any employees who had worked for the corporation for six months.[1] Again, the corporation paid the premiums for this policy.

---

[1]The record contains no evidence regarding when the life and health insurance policies were issued or which insurer issued the group health insurance policy.

-2-

In 1996, Mr. Sipma was injured and claimed disability benefits. In 1997, the insurer terminated Mr. Sipma's benefits.

On March 1, 1999, Mr. Sipma filed a complaint in federal district court alleging state law claims of breach of contract in bad faith. The district court concluded that ERISA applies to the disability insurance policy and, therefore, Mr. Sipma's state law claims are preempted. The district court granted summary judgment for the insurer.

## II. Discussion

We review the district court's grant of summary judgment de novo. Bullington v. United Air Lines, Inc. 186 F.3d 1301, 1313 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When there is no genuine issue of material fact in dispute, "we determine whether the district court correctly applied the substantive law." Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999).

The parties dispute whether ERISA applies to the disability insurance policy. Mr. Sipma argues that ERISA does not apply because no employees are

covered by the disability policy. The district court concluded that the disability policy and the health insurance policy, which both parties agree cover employees, constitute one insurance program to which ERISA applies. We need not address whether the disability policy should be viewed separately from the health insurance policy because we find that the disability plan, even viewed in isolation, is an employee welfare benefit plan to which ERISA applies.[2]

This court has adopted five criteria that must be established for an "employee welfare benefits plan" to fall within ERISA's scope: "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer (4) for the purpose of providing health care or disability benefits (5) to participants or their beneficiaries." Gaylor v. John Hancock Mut. Life Ins. Co., 112 F.3d 460, 464 (10th Cir. 1997). Elements three and four are clearly satisfied in this case: the corporation is clearly an employer and the disability insurance plan clearly provides disability benefits. Only the first, second, and fifth elements are at

---

[2]We note, however, that other circuits have viewed non-ERISA policies as separate from ERISA policies under certain circumstances. See, e.g., LaVenture v. Prudential Ins. Co. of Am., 237 F.3d 1042, 1044-45 (9th Cir. 2001) (holding that a non-ERISA plan is not converted into an ERISA plan simply because the company subsequently establishes a plan covered by ERISA); Slamen v. Paul Revere Life Ins. Co., 166 F.3d 1102, 1106 (11th Cir. 1999) ("[A]n *employer* benefit program must be analyzed separately from an *employee* benefit program absent evidence . . . showing that the two programs are related."); Robertson v. Alexander Grant & Co. , 798 F.2d 868, 871-72 (5th Cir. 1986) ( analyzing the plans as "two separate plans").

issue.

Before addressing the Gaylor factors, however, we must first determine whether Mr. Sipma is an employee of the corporation.

## A. Employee Status

A welfare benefit plan is subject to ERISA only if it provides benefits to at least one employee. "[I]n order to establish an ERISA employee welfare benefit plan, the plan must provide benefits to at least one employee . . . ." Slamen v. Paul Revere Life Ins. Co., 166 F.3d 1102, 1104 (11th Cir. 1999); see also 29 C.F.R. § 2510.3-3(b) (excluding from the definition of "employee welfare benefit plan" any plan "under which no employees are participants covered under the plan"). As the Eleventh Circuit has noted:

> "The gist of ERISA's definitions of employer, employee organization, participant, and beneficiary is that a plan, fund, or program falls within the ambit of ERISA only if the plan, fund, or program covers ERISA participants because of their employee status in an employee relationship, and an employer or employee organization is the person that establishes or maintains the plan, fund, or program. Thus, plans, funds, or programs under which no . . . employees or former employees participate are not employee welfare benefit plans under Title I of ERISA."

Slamen, 166 F.3d at 1104 (quoting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982) (en banc)).

The ERISA statute defines "employee" circularly as "any individual

-5-

employed by an employer." 29 U.S.C. § 1002(6). Because this definition is unhelpful, the Supreme Court has construed the term "employee" in the ERISA context to incorporate common law agency criteria. <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 323 & n.3 (1992). The Court summarized the test in the context of ERISA:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hiring party.

<u>Id.</u> at 323-24 (internal quotation marks omitted).

### 1. Mr. Sipma Is an "Employee"

Mr. Sipma argues that he cannot be both an employer and an employee at the same time. While this argument might have merit where a different business organization is concerned, it is without merit here. Mr. Sipma argues that, simply because he is a *shareholder* of the corporation, he is also an *employer*. We disagree. The employer is the *corporation*, not Mr. Sipma and/or Mr. Byron.

Under both Colorado common law and common law generally, "a corporation is treated as a legal entity separate from its shareholders." Micciche v. Billings, 727 P.2d 367, 372 (Colo. 1986); accord Yoder v. Honeywell, Inc., 104 F.3d 1215, 1220 (10th Cir. 1997) (applying Colorado law); James D. Cox, et al., Corporations § 1.2, at 2 (1997) ("A business corporation is . . . a legal unit with a status or capacity of its own separate from the other shareholders or members who own it."); Harry G. Henn & John R. Alexander, Laws of Corporations, § 68, at 125 (3d. ed. 1983) (same). "The corporation holds property, *enters into contracts*, executes conveyances, and conducts litigation in a legal capacity separate and distinct from its shareholders." Cox, supra, § 1.2, at 3 (emphasis added); accord Henn & Alexander, supra, § 68, at 127 ("Contracts are made in the corporate name."). Because a corporation enters into contracts in a capacity separate and distinct from its shareholders, the corporation, not the shareholder, is the employing party in an employment relationship. As in the liability and taxation contexts, to equate the shareholder with the corporation requires the piercing of the corporate veil, something courts do only in extraordinary circumstances. "Corporate veils exist for a reason and should be pierced only reluctantly and cautiously." Yoder, 104 F.3d at 1220 (internal quotation marks omitted). "When self-employed individuals elect to incorporate *and the corporation employs others*, there is simply no basis in ERISA for

disregarding the corporate form." Madonia v. Blue Cross & Blue Shield, 11 F.3d 444, 450 (4th Cir. 1993) (internal quotation marks omitted) (emphasis added); accord Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 293-94 (5th Cir. 1999) (en banc).

We find that Mr. Sipma is a shareholder, not an employer. There is nothing illogical in concluding that Mr. Sipma can be both a shareholder and an employee of the corporation. Indeed, it is not uncommon for employees to hold or be paid in the stock of the corporation that employs them.

Looking to common law agency principles as required by Darden,[3] we find that Mr. Sipma is an "employee" of the corporation for ERISA purposes. Mr. Sipma received a regular annual salary from the corporation. It is undisputed that the corporation was in business. The record indicates that the equipment used was owned by the corporation. There is no indication in the record that Mr.

_____

[3]The Ninth Circuit in In re Watson, 161 F.3d 593 (9th Cir. 1998), rejected the application of Darden in the context of a sole owner of a corporation. The court stated that "[t]he traditional agency criteria can be applied logically only in situations involving relationships between two different persons, i.e., those who employ persons and those who are so employed." Id. at 597. However, as discussed above, the *corporation*, not the shareholder, is the employer. Thus, a relationship exists between two separate entities in the context of shareholders of a closely held corporation. We agree with the Fourth and Fifth Circuits and apply Darden in the case of closely held corporations to determine whether a person is an agent of the corporation and, therefore, an "employee" for ERISA purposes. See, e.g., Vega, 188 F.3d at 293-94; Madonia, 11 F.3d at 448-49. This agency analysis is separate from the exception from employee status analysis discussed in Part II.A.2., infra.

Sipma's association with the corporation was intended to be of limited duration. To the contrary, the record shows that Mr. Sipma received a regular annual salary from the corporation for at least three consecutive years. Mr. Sipma also supervised other employees of the corporation. His duties – supervising excavation and snow removal – were central to the regular business of Bob's Excavating and Snow Removal, Inc. Viewing together all of the incidents of the relationship between Mr. Sipma and the corporation, we find that Mr. Sipma is an "employee" of the corporation for ERISA purposes.

### 2.  Exceptions from "Employee" Status

The ERISA statute authorizes the Secretary of Labor to "prescribe such regulations as he finds necessary or appropriate to carry out the provisions" of the statute. 29 U.S.C. § 1135. For purposes of determining whether an "employee benefit plan" exists, the regulations exclude from the definition of "employee" only: (1) the owner of a business, incorporated or unincorporated, "which is *wholly owned* by the individual or by the individual and his or her spouse," and (2) partners in a partnership (and spouses). 29 C.F.R. § 2510.3-3(c) (emphasis added).

Subsection (1) of the regulation speaks of "an individual" in the singular who "wholly own[s]" a business. Thus, the exception on its face is limited to

individuals (including spouses) who are sole owners of a business. The exception does not extend to exclude multiple shareholders from the definition of "employee." Contra Kennedy v. Allied Mut. Life Ins. Co., 952 F.2d 262 (9th Cir. 1991) (applying this exception to two brothers that owned a company). Additionally, the Department of Labor interprets this subsection as applying "only where the stock of the corporation is wholly owned *by one shareholder* and his or her spouse and the shareholder or the shareholder and his or her spouse are the only participants in the plan." Op. Dep't of Labor 76-67 (May 21, 1976) (emphasis added). An agency's interpretation of its own regulations is entitled to deference. Emery Min. Corp. v. Sec. of Labor, 744 F.2d 1411, 1415 (10th Cir. 1984).

Since Mr. Sipma was not the sole shareholder of the corporation, he is not excluded from the definition of "employee" for purposes of determining whether an "employee benefit plan" exists.

We find that Mr. Sipma is an employee and does not qualify for the exception from employee status for sole shareholders of a corporation. We now consider the remaining Gaylor factors.

### B.  Plan, Fund, or Program

"A 'plan, fund, or program' exists if from the surrounding circumstances a

reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits." Gaylor, 112 F.3d at 464 (internal quotation marks omitted). These elements are clearly satisfied in this case. The disability benefits are clear. Mr. Sipma is the beneficiary. The corporation was the source of financing. Finally, the procedures for receiving the disability benefits are reasonably established. We find, therefore, that a "plan, fund, or program" exists for purposes of ERISA.

### C. Participant

The ERISA statute defines "participant" as: "[A]ny employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).

As discussed above, Mr. Sipma is an "employee" for purposes of ERISA. He is also eligible to receive benefits from the disability insurance plan, which, as discussed above, qualifies as a plan, fund, or program under ERISA. We find, therefore, that Mr. Sipma is a "participant" under ERISA.

### D. Established or Maintained

-11-

Finally, Mr. Sipma argues that the district court erred in finding that the corporation "established or maintained" an employee benefit plan. We find that the evidence in the record supports the district court's decision.

This court has stated that:

> [T]he "established or maintained" requirement is designed to ensure that the plan is part of an employment relationship. . . . [W]e determine whether the plan is part of an employment relationship by looking at the degree of participation by the employer in the establishment or maintenance of the plan. An employer's mere purchase of insurance for its employees does not, without more, constitute an ERISA plan. An important factor in determining whether a plan has been established is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and long-term basis.

Gaylor, 112 F.3d at 464 (internal quotation marks and citations omitted).

While merely purchasing insurance is insufficient to establish an ERISA plan, "the purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan . . . has been established." Id. (internal quotation marks omitted). Additionally, an employer's payment of premiums is substantial evidence that a plan has been established. See, e.g., Postma v. Paul Revere Life Ins. Co., 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes or maintains a plan if it enters a contract with the insurer and pays its employees' premiums."); Madonia, 11 F.3d at 447 ("Under this statutory definition, employers may easily establish ERISA plans by purchasing insurance for their employees."); id. (noting the "well-established rule that

-12-

payment of premiums on behalf of . . . employees is substantial evidence that a plan, fund or program was established" (internal quotation marks omitted)). Furthermore, "[t]he fact that an employer delegates part of the operational responsibility for the plan to the insurer does not mean that it did not 'establish or maintain' a plan." Gaylor, 112 F.3d at 465;  accord Robinson v. Linomaz, 58 F.3d 365, 368 (8th Cir. 1995) ("[T]here is no requirement that the employer play any role in the administration of the plan in order for it to be deemed an [employee welfare benefit plan] under ERISA.").

The corporation took action to provide disability insurance on a regular and long-term basis to Mr. Sipma and Mr. Byron and paid the premiums for the insurance.  We find that this is sufficient to satisfy the "established and maintained" requirement.

### III.  Conclusion

We find that Mr. Sipma is an "employee" for ERISA purposes.  We also find that all five Gaylor criteria for the existence of an "employee welfare benefit plan" have been satisfied.  Therefore, we hold that ERISA applies to Mr. Sipma's disability insurance plan.  Consequently, his state law claims are preempted.

Accordingly, we AFFIRM.