Richard E. **PEARL**, Plaintiff,

v.

**MONARCH LIFE INSURANCE COMPANY, The Guardian Life Insurance Company, and Provident Life and Casualty Insurance Company, Defendants.**

No. 03–CV–2788(TCP).

United States District Court,
E.D. New York.

Oct. 30, 2003.

---

**325**

Scott Moore Harrigan, Quadrino & Schwartz, P.C., Garden City, NY, for Plaintiff.

Evan Lewis Smoak, R. Steven Anderson, Barger & Wolen, LLP, New York City, Edwin A. Oster, Barger & Wolen LLP Irvine, CA, Brian L. Greben, New York City, Robert T. Pindulic, White and Williams, LLP, Paramus, NJ, for Defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Plaintiff Richard E. Pearl moves, pursuant to 28 U.S.C. § 1447, to remand his suit from this Court to the New York State Supreme Court for Nassau County. The Court heard oral argument on September 19, 2003.

This action originated in State court as a suit for breach of contract in which Plaintiff sought $1.2 million in damages. De-fendants, the Monarch, Guardian and Provident life insurance companies, re-moved Plaintiff's suit to this Court, claiming that the subject matter presented a federal question to be decided under the Employee Retirement Income Security Program, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff then moved to remand his suit to State court. For the following reasons, Plaintiff's motion to remand is **GRANTED**.

## Background

### A. General Background

Richard E. Pearl ("Plaintiff") was, prior to the onset of an alleged disability, a surgeon and both an owner and a shareholder in the medical practice of D'Angelo, Pearl & Sasson, P.C. ("the Practice"). Plaintiff is also the insured under three "disability buy-sell" or "disability buyout" insurance policies issued by the Monarch Life Insurance Company, the Guardian Life Insurance Company and the Provident Life and Casualty Insurance Company (collectively, "Defendants") to the Practice. After claiming disability on May 10, 2001 Plaintiff sought to collect on the insurance policies, and Defendants refused to pay him.

### B. Procedural History

Plaintiff filed suit in State court on April 29, 2003. On June 4, 16 and 23, 2003 Defendants invoked ERISA to remove the suit to this Court. Plaintiff timely moved for remand on September 4, 2003.

## Discussion

### A. *Motion to Remand*

#### 1. *Legal burden*

On a motion to remand, in a potential ERISA case, "the party seeking to preserve removal bears the burden of persuasion that removal was proper." *Yoran v. Bronx–Lebanon Hosp. Ctr.,* 1996 WL

527337 at *1, n. 3 (S.D.N.Y. Sep. 16, 1996) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). In the instant case, Defendants bear the burden of proof.

### 2. *Plaintiff's arguments*

Plaintiff argues that his suit should be remanded for three reasons: that he is not an employee within the meaning of ERISA, that he is entitled to remand under the well-pleaded complaint rule, and that ERISA does not apply to his insurance policies. Defendants counter that Plaintiff is indeed an employee within the meaning of ERISA, that the well-pleaded complaint rule does not apply, and that ERISA does apply to Plaintiff's policy.

■ Defendants are correct that the well-pleaded complaint rule does not apply in the instant case. The Supreme Court held in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), that ERISA's preemption of the field of benefits law is complete, and that a complaint raising only State-law claims may still be considered federal in nature and be removed to federal court. *See also TCG N.Y., Inc. v. White Plains*, 305 F.3d 67, 76 (2d Cir.2002) (relying upon *Taylor* to refuse to remand, on the basis of the well-pleaded complaint rule, a claim that implicated ERISA). Even though Plaintiff's complaint raised only a breach of contract claim under New York law, this would not be dispositive if his complaint in fact implicated ERISA.

Defendants are also in all likelihood correct that ERISA could apply to "disability buy-out" insurance policies such as Plaintiff's three policies. ERISA covers, inter alia, employee welfare benefit plans, and ERISA defines such plans to include any plan established by an employer for the purpose of providing its participants, through the purchase of insurance, benefits in the event of disability. *See* 29 U.S.C. § 1002(1)(A). A policy such as those purchased by Plaintiff could come within the ambit of ERISA.[1]

However, the Court need not reach a decision on the question of whether ERISA could apply to insurance policies such as Plaintiff's policies, as the Court finds, for the following reasons, that Plaintiff is not an employee within the meaning of ERISA.

### 3. *Plaintiff is not an employee within the meaning of ERISA*

■ On the basis of the record thus far presented in the case at bar, the Plaintiff, a physician who is both an owner and a shareholder in a three-man medical practice, is not employee within the meaning of ERISA.

In *Clackamas Gastroenterology Assoc. v. Wells*, 538 U.S. 440, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003), the Supreme Court recently considered "whether four physicians actively engaged in medical practice as shareholders and directors of a professional corporation should be counted as 'employees'" within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("the ADA"). In analyzing the definition of an employee under the ADA, the Supreme Court looked to a previous decision defining the term "employee" under ERISA. In *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992), the Supreme Court "adopted a common-law test for determining who qualifies as an 'employee' under ERISA." *Clackamas,*

---

1. *But see B–T Dissolution, Inc. v. Provident Life and Accident Ins. Co.*, 101 F.Supp.2d 930, 935 (S.D.Ohio 2000) (finding that a "business buy-out" insurance policy is not "part of an employee welfare benefit plan which is governed by ERISA").

—— U.S. at ——–——, 123 S.Ct. at 1677–78 (citing *Darden*, 503 U.S. at 322–23, 112 S.Ct. 1344 (1992)). So, while *Clackamas* construed the ADA, and while *Darden* construed ERISA, in both cases, the Court used common-law agency principles to define the term "employee." [2]

In considering whether four physicians engaged in practice as shareholder/directors of a professional corporation are "employees" within the meaning of the ADA, the Supreme Court in *Clackamas* found the following non-exhaustive list of six factors to be relevant to such a determination:

> Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work; whether and, if so, to what extent the organization supervises the individual's work; whether the individual reports to someone higher in the organization; whether and, if so, to what extent the individual is able to influence the organization; whether the parties intended that the individual be an employee, as expressed in written agreements or contracts; whether the individual shares in the profits, losses, and liabilities of the organization.

*Id.* at 1679, 1681.[3]

Earlier, in *Darden*, the Supreme Court stated that in determining whether a party (in that case, an insurance salesman) is an employee within the meaning of ERISA, using common-law of agency principles, they considered

> The hiring party's right to control the manner and means by which the product is accomplished ... the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hiring party.

*Darden*, 503 U.S. at 322, 112 S.Ct. 1344.

In arguing that Plaintiff is an employee, Defendants cite several decisions, which, while instructive as persuasive authority, are not binding within this jurisdiction,[4] and none of which postdate the Supreme Court's decision in *Clackamas*. *See Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir.1998) (holding a surgeon and shareholder in a four-doctor

---

**2.** The United States Court of Appeals for the Third Circuit, in *Ziegler v. Anesthesia Assocs. of Lancaster*, 74 Fed.Appx. 197, 2003 WL 22048003 at *1 (3d Cir.2003), further applied the analysis used in *Clackamas* "to determine whether a shareholder in a professional corporation is an 'employee'" in a Title VII action, giving further indication that the Supreme Court's analysis in *Clackamas* is not limited to cases brought under the ADA, but rather to cases in which a common-law definition of "employee" is needed.

**3.** The Supreme Court did not decide whether the physicians in *Clackamas* were employees under the ADA, but remanded the case for

further proceedings consistent with its opinion. *See* —— U.S. at ——, 123 S.Ct. at 1681. The circuit court further remanded the case to the district court (*see* 332 F.3d 1177 (9th Cir.2003)), which has yet to publish findings of fact on the matter.

**4.** Defendants admit, and the Court agrees, that "there appear to be no reported cases from the Second Circuit that address facts similar to what is presented" in the instant case. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand at 8.

orthopedic practice subject to ERISA); *Prudential Ins. Co. Of America v. Doe*, 76 F.3d 206, 209 (8th Cir.1996) (stating but not holding that an attorney and controlling shareholder in a 20–person law firm is likely subject to ERISA); *Santino v. Provident Life and Accident Ins. Co.*, 276 F.3d 772, 775 (6th Cir.2001) (holding a urologist and shareholder in a four-doctor urology practice subject to ERISA); and *Sipma v. Massachusetts Cas. Ins. Co.*, 256 F.3d 1006 (10th Cir.2001) (holding a 49% owner of a six-person snow removal business subject to ERISA).

The cases cited by Defendants stand for the well-settled proposition that a person may be both an employee of, and a shareholder in, a company—simply owning shares in a company does not make that individual no longer an employee of that company within the meaning of ERISA. For example, if an assembly line worker at General Motors purchased a single share of that company's stock, no one would reasonably argue that the auto worker was no longer an employee of GM, or that his employee benefit welfare plan was no longer covered by ERISA. But a deeper inquiry is called for.

*Darden* and *Clackamas* instruct courts to inquire, based upon common-law agency principles, and with reference to the enumerated factors, into Plaintiff's status as an employee under ERISA. At hearings on Plaintiff's motion, Plaintiff's attorney represented that Dr. Pearl was a highly skilled surgeon, significantly independent in his own professional duties, and that he and his partners were co-equals within their practice. He could be neither hired nor fired in the usual sense, he supervised his own work, he reported to no superior, and he exercised at least a one-thirds influence upon his organization. Accordingly, Plaintiff was not an employee within the meaning of ERISA.

**Conclusion**

For the reasons stated above, Plaintiff's motion to remand is GRANTED.