**Dorothy J. KERR, Plaintiff,**

v.

**UNITED TEACHER ASSOCIATES INSURANCE COMPANY, Defendant.**

**No. CIV.A.5:03–2507.**

United States District Court, S.D. West Virginia, Beckley Division.

April 12, 2004.

Kevin B. Burgess, Hamilton Burgess Young & Pollard, Fayetteville, WV, for Plaintiff.

Eric W. Schwartz, John C. Lynch, Troutman Sanders, Virginia Beach, VA, for Defendant.

## ORDER

CHAMBERS, District Judge.

Two motions are pending: Plaintiff's motion to remand (doc. no. 8), and Defendant's motion to dismiss (doc. no. 2). Defendant's motion is **DENIED**, and Plaintiff's motion is **GRANTED**. This case is therefore **REMANDED** to the Circuit Court of Fayette County, West Virginia.

## BACKGROUND

Plaintiff Dorothy Kerr filed this case in the Circuit Court of Fayette County, West Virginia. Plaintiff, a West Virginia Division of Corrections' employee, claims that Defendant, United Teacher Associates Insurance Company (UTA), breached an in-

surance contract when it failed to pay benefits under her policy. Defendant argues that this claim is preempted by the Employee Retirement Income Security Act (ERISA). ERISA is therefore the basis of Defendant's removal as well as its motion to dismiss.[1] Plaintiff argues for remand because she claims that the insurance policy is not an employee welfare benefit plan as defined in ERISA, and therefore no federal question exists to serve as the basis for jurisdiction in this Court.

## DISCUSSION

### Standard

■ An action may be removed to a federal district court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). District courts have original jurisdiction over actions arising under the laws of the United States. 28 U.S.C. § 1331. In removal cases, "the defendant bears the burden of showing federal jurisdiction has been invoked properly." *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 486 (S.D.W.Va.2001) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). Therefore, UTA bears the burden of showing that ERISA applies in this case.

### Substantive Law

ERISA preempts all state laws that "relate to" an employee welfare benefit plan.[2] Defendant argues that this preemption is broad and includes the entire field that deals with employee benefit plans. The Court agrees with Defendant that ERISA

preemption is very inclusive; it is clear that the claim pursued by Plaintiff would be preempted by ERISA if her insurance policy with UTA is found to be an employee welfare benefit plan. However, the relevant question goes to the nature of the plan: Is the plan at issue within ERISA's definition of employee welfare benefit plan?

ERISA defines employee welfare benefit plan as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1). ERISA regulations attempt to clarify the meaning of "established or maintained by an employer." The regulations offer a "safe harbor" provision, which excludes from the definition any "group or group-type insurance program offered by an insurer to employees or members of an employee organization"

---

1. ERISA claimants are generally required to exhaust their administrative remedies under their employee benefit plans. *See Hickey v. Digital Equip. Corp.*, 43 F.3d 941, 945 (4th Cir.1995).

2. ERISA's "relate to" provision, 29 U.S.C. § 1144(a), provides that:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

if (1) no contributions are made by an employer or employee organization; (2) participation is voluntary; (3) the employer's function is limited to allowing the insurer to publicize the program and collect premiums through payroll deductions; and (4) the employer does not profit from the program. 29 C.F.R. § 2510.3–1(j).

If an employer's only involvement in establishing or maintaining a plan is to allow an insurer to take premiums from employees' pay, this is not a sufficient basis to find that the program is an employee welfare benefits program for the purposes of ERISA. *See* 29 C.F.R. § 2510.3–1(j); *see also Brown v. Commonwealth Nat'l Life Ins. Co.,* 875 F.Supp. 800 (M.D.Ala.1995) (holding that a program was not "maintained" by the employer where payment of premiums was through an earned income tax credit). However, an employer's use of a corporate account to pay premiums and monthly contributions to those premiums have been held to create an employee welfare benefit program. *See Randol v. Mid–West Nat'l Life Ins. Co.,* 987 F.2d 1547 (11th Cir.1993) (holding that monthly payments were sufficient to show maintenance of a plan and not reaching the question of what actions would be required to show establishment of a plan).

In close cases, courts have looked to the level of the employer's involvement to determine whether a particular plan was established or maintained by an employer. In *Sipma v. Massachusetts Casualty Insurance Company,* the Tenth Circuit explained its definition of "established or maintained." 256 F.3d 1006, 1012 (2001). It quoted *Gaylor v. John Hancock Mutual Life Insurance Company:*

> The "established or maintained" requirement is designed to ensure that the plan is part of an employment relationship ... by looking at the degree of participation by the employer in the establish-

ment or maintenance of the plan. An employer's mere purchase of insurance for its employees does not, without more, constitute an ERISA plan. An important factor in determining whether a plan has been established is whether the employer's purchase of the policy is an expressed intention by the employer to provide benefits on a regular and long-term basis.

*Sipma,* 256 F.3d at 1012, (quoting *Gaylor,* 112 F.3d 460, 464 (10th Cir.1997) (internal citations omitted)). In *Sipma,* the plaintiff's employer "took action to provide disability insurance on a regular and long-term basis to Mr. Sipma ... and paid the premiums for the insurance," which the Court found was sufficient to satisfy the "established and maintained requirement." 256 F.3d 1006, 1013. The Court explained that the purchase of a group policy covering a class of employees and the payment of premiums are both substantial evidence that a plan has been established and/or maintained under ERISA. *See id.* at 1012.

According to the Eleventh Circuit, a "plan has been 'established' when there has been some degree of implementation by the employer going beyond the mere intent to confer a benefit." *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.3d 1207, 1214 (1999). In *Butero,* the Court held that a plan had been established where the employer "consulted an insurance agent, selected the terms of the group policy it wished to purchase for its employees, completed an application form for the policy, solicited enrollments from its employees, collected money through payroll deductions, and remitted premium checks." *Id.* Similarly, the Middle District of Alabama found a plan to have been established in *Wilson v. Coman,* where the employer created a committee that held an annual meeting to review benefits offered by the employer and chose a benefits package based on the employer's administrative

needs as well as the needs of the employees. 284 F.Supp.2d 1319, 1323 (2003). In *Wilson*, the committee decided what benefits would be offered, what companies would be used, and had mandatory employee meetings about enrollment. *Id.* at 1345.

### Application

The West Virginia Division of Corrections allows UTA to deduct premiums from Plaintiff's pay, but this alone is not a sufficient basis to find that the program at issue is an employee welfare benefits program for the purposes of ERISA. The Court must look to the employer's role in establishing or maintaining the plan to determine if it comes under ERISA. Plaintiff alleges that the only connections between the UTA insurance policy and the West Virginia Division of Corrections are (1) the employer's permission to allow UTA to publicize the insurance, and (2) the collection of premiums through payroll deductions. *See* Armstrong Aff. ¶ 6. Defendant does not offer any conflicting evidence, but argues that the "employer's involvement with the policy included sponsoring the benefit as part of its employee welfare benefit plan and taking deductions from plaintiff's paychecks to pay the premiums." *Def.'s Response* at 2. The meaning of "sponsoring the benefit" is unclear to the Court, but Defendant does not allege that the employer pays any portion of the premium.

According to the affidavit submitted by the Plaintiff there are some key differences between the employer's actions in the instant case and the facts analyzed in *Wilson* and *Butero*. Here, UTA "is one of a number of insurance companies that are permitted to offer optional insurance to employees of the Division of Corrections, and receive payments for such insurance policies by way of payroll deductions from the employee's paychecks." Armstrong Aff. ¶ 2. The employer denies subsidizing, recommending, making contributions to, or having any responsibility for the policy. *Id.* ¶¶ 3–4. Furthermore, the employer denies receiving any consideration in connection with the policy. *Id.* ¶ 7. Defendant has not alleged the existence of any benefits "establishment" process analogous to the committee in *Wilson*, or the tightly controlled solicitation process in *Butero*. Nor has Defendant alleged that the employer has "maintained" the plan through monthly premium payments as in *Randol* or with some analogous contribution.

Defendant has failed to show any more involvement by the employer than allowing UTA to publicize its insurance and take payroll deductions. The Court finds that this is not enough to bring this insurance policy under ERISA. In fact, the policy appears to fit all of the characteristics of the safe harbor provision, or at least Defendant has not shown that it does not.[3] Therefore, ERISA does not preempt Plaintiff's claim, and there is no federal question to serve as a basis for subject matter jurisdiction in this Court.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant has failed to show that Plaintiff's claim raises a federal question. The Court therefore finds it does not have subject matter jurisdiction. Plain-

---

**3.** Defendant instead argues that the policy does not fit within the safe harbor provision because it is an individual, rather than group, policy. The Court is not persuaded by this argument. First, to the extent that the safe harbor provision provides guidance on the type of plans not intended for inclusion in ERISA, it strongly supports the Plaintiff's motion for remand. Second, even if the plan at issue does not fit within the safe harbor provision, this does not automatically render it an ERISA plan; in order to satisfy the definition, it must still be established or maintained by the employer.

tiff's motion is **GRANTED**, Defendant's motion is **DENIED**, and this case is **REMANDED** to the Circuit Court of Fayette County, West Virginia.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented parties, and the Clerk of the Circuit Court of Fayette County, West Virginia. The Court further **DIRECTS** that this Order be posted for publication on the Court's website.